UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
VINCENT CICCHETTI, on behalf of himself and all other persons similarly situated,

                    Plaintiff,

        -against-

FERGUSON ENTERPRISES, LLC,

                  Defendant.
------------------------------------------------X

Index No.:

**CLASS ACTION COMPLAINT**

*Jury Trial Demanded*

Plaintiff, VINCENT CICCHETTI ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Law Offices of William Cafaro, complaining of the Defendant, FERGUSON ENTERPRISES, LLC ("Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action on behalf of himself and similarly-situated current and former employees of Defendant who worked for Defendant in the State of New York pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover statutory damages for violations of New York Labor Law § 191 ("New York Labor Law").

2. Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs of this action and other appropriate relief pursuant to New York Labor Law § 198.

3. Defendant is the nation's largest wholesale distributor of residential and commercial plumbing supplies and pipe valves and fittings, with more than 1,600 locations and 10 distribution centers across the United States.

4. In fiscal year 2021, Defendant had revenue in excess of $20 billion.

5. Defendant operates approximately 39 locations in the State of New York.

1

6. At all relevant times, Defendant compensated Plaintiff and other similarly situated persons who worked in hourly paid positions in the State of New York including, but not limited to, warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives on a bi-weekly basis in violation of New York Labor Law, Article 6, §§ 191.

7. Defendant employs warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives who spend more than twenty-five percent of their work time performing physical tasks and are manual workers within the meaning of the New York Labor Law.  Warehouse associates operate a stand-up forklift; pull and prepare customer orders; build, wrap, sort and transport pallets and packages; and maintain the cleanliness of the facility.  Shop pipe welders set up and maintain machines in the shop for pipe fabrication, cut pipe with tools, thread pipe, move loose and/or bundled pipe from various locations within the pipe yard, assemble pipe order, and maintain supplies in an organized manner.  Delivery drivers drive delivery vehicles to transport parts to commercial customers, including the loading and unloading of parts.  Counter sales representatives operate cash registers, maintain the cleanliness of the store, prepare orders for customer pick up and ensure that merchandise is restocked and placed in their respective areas.

8. Defendant failed to properly pay Plaintiff and other hourly-paid manual workers their wages within seven calendar days after the end of the week in which these wages were earned. Thus, Defendant failed to provide timely wages to Plaintiff and all other similar manual workers.

9. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, § 191 ("NYLL").

10. Store managers, and others with executive positions, who are paid fixed salaries, are not members of the classes that Plaintiff seeks to represent in this action.

## JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d). This is a putative class action in which there are 100 or more members in the proposed class, any member of the proposed class is a citizen of a state and any defendant is a citizen of a different state, and the amount in controversy exceeds the sum of $5,000,000.00 in the aggregate.

12. Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district and Plaintiff suffered the losses at issue in this District.

## PARTIES

13. Plaintiff is a resident of the State of New York.

14. Defendant is a limited liability company organized and existing under the laws of the State of Virginia, where it maintains its principal place of business. Defendant's sole member is Ferguson US Holdings, Inc., a Virginia corporation whose principal place of business is in Virginia.

15. At all times relevant, Plaintiff was an "employee" within the meaning of New York Labor Law § 190(2) and a "manual worker" within the meaning of New York Labor Law § 190(4).

16. At all times relevant, Defendant was an "employer" within the meaning of New York Labor Law § 190(3).

**FACTUAL ALLEGATIONS**

17.     Plaintiff was employed by Defendant as a delivery driver at Defendant's location in Maspeth, New York from in or about 2012 through in or about September 2020.

18.     Plaintiff's job duties included delivering materials, unloading materials, and assisting yard personnel with pulling and preparing orders for shipment.

19.     Defendant failed to pay Plaintiff and similarly situated persons who have worked for Defendant in hourly-paid positions such as warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives in the State of New York "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned" as required by New York Labor Law § 191. Instead, Defendant paid Plaintiff and similarly situated persons on a bi-weekly basis pursuant to its payroll policy in violation of New York Labor Law § 191.

20.     Throughout their employment, Plaintiff and Class Members – who were employed as, *inter alia*, warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives in the State of New York – regularly performed manual tasks during the majority of their hours worked and, therefore, Plaintiff and Class Members spent more than twenty-five percent of their hours worked each week performing such manual tasks.

21.     Plaintiff and Class Members are manual workers who depend upon their wages for sustenance and suffer harm that is particularly acute when their wages are delayed, and they are temporarily deprived of their earned wages.

22.     Each time that Plaintiff and Class Members received late compensation for the work that they performed, Defendant underpaid them for the work that they performed.

23. Each time that Defendant failed to pay Plaintiff and Class Members their wages earned within seven days of the end of the workweek, Defendant deprived them of the use of money that belonged to him. As a result, Plaintiff was unable to do those things that every person does with their money, such as paying bills or buying goods that he needed or wanted to buy.

24. By way of example, these delayed wages prevented Plaintiff and Class Members from spending money earned on a host of everyday expenses and to provide for their basic needs including, but not limited to, purchasing food and groceries, rent or mortgage payments, gas or heating oil, utilities, medical supplies and services, insurance, automobile payments, fuel for vehicles, education tuition and expenses, daycare or childcare, public transportation, and other basic living expenses.

25. By Defendant's failure to pay Plaintiff and Class Members their wages earned within seven days of the end of their workweeks and retaining money that belonged to them, Plaintiff and Class Members lost the time value of money.

26. Additionally, Defendant's delayed payment of wages forced Plaintiff and Class Members to forgo purchasing goods and services until a later time after their receipt of their late paid wages. Because of inflation, being an ever-increasing scourge throughout the Covid-19 pandemic and recent events, Plaintiff and Class Members were required to pay increased prices for the goods and services that they otherwise would have purchased at an earlier date were their wages lawfully paid on a weekly basis.

27. By retaining these wages earned beyond the timeframes set by NYLL § 191, Defendant benefitted from the time value of money and their free use of such funds, at the expense of Plaintiff and Class Members. For example, during the interval of these delayed wage payments, Defendant was free to utilize those funds to purchase goods and services, pay rent or mortgages

on its facilities and retail stores, pay installment payments and purchase fuel for its company-owned vehicles, pay for marketing and other business expenses, and accrue interest on those funds in its business accounts.

28. Defendant's failure to timely pay wages earned caused Plaintiff and Class Members to suffer the same or similar harms.

29. Defendant treated and paid Plaintiff and Class Members in the same or similar manner.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK LABOR LAW

30. Plaintiff brings New York Labor Law claims on behalf of himself and a class of persons under Fed. R. Civ. P. Rule 23 consisting of all persons who are currently, or have been, employed by the Defendant in hourly-paid positions such as warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint and the date of judgment in this action (hereinafter referred to as the "Class" or the "Class Members").

31. Upon information and belief, Defendant employed persons who worked in various positions including, but not limited to, warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives. Warehouse associates operate a stand-up forklift; pull and prepare customer orders; build, wrap, sort and transport pallets and packages; and maintain the cleanliness of the facility. Shop pipe welders set up and maintain machines in the shop for pipe fabrication, cut pipe with tools, thread pipe, move loose and/or bundled pipe from various locations within the pipe yard, assemble pipe order, and maintain supplies in an organized manner. Delivery drivers drive delivery vehicles to transport parts to commercial customers, including the loading and unloading of parts. Counter sales representatives operate

6

cash registers, maintain the cleanliness of the store, prepare orders for customer pick up and ensure that merchandise is restocked and placed in their respective areas.

32. The Class Members are readily ascertainable. The number and identity of the Class Members are determinable from the records of Defendant. Upon information and belief, there are more than 100 Class Members who have worked for Defendant in hourly-paid positions in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. Rule 23.

33. The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown because the facts on which the calculation of that number rests are presently within the sole control of Defendant, upon information and belief, there are more than 100 individuals who are currently, or have been, employed by Defendant in hourly-paid positions as warehouse associates and yard workers, shop pipe welders, delivery drivers, and counter sales representatives in the State of New York at any time during the six (6) years prior to the filing of the initial Complaint.

34. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Plaintiff and Class Members on a bi-weekly or semi-monthly basis in violation of New York Labor Law § 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

35. Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by New York Labor Law § 191. Plaintiff's claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

36. All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Additionally, Defendant's violations of the New York Labor Law § 191 by failing to timely pay wages earned caused Plaintiff and other Class Members to suffer the same or similar harms. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

37. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

38. A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual Plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

39. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. The

adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant savings of these costs. The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

40. The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

41. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

42. Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

### FIRST CLAIM FOR RELIEF
### FREQUENCY OF PAYMENT VIOLATION

43. Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

44. Plaintiff and Class Members are manual workers as defined by the New York Labor Law.

45. Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and not later than seven days after the end of the workweek in which the wages were earned.

46. Defendant failed to pay Plaintiff and Class Members on a weekly basis and instead paid Plaintiff and Class Members bi-weekly or semi-monthly in violation of New York Labor Law § 191.

47. Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs of this action.

**JURY TRIAL DEMANDED**

48. Plaintiff requests a trial by jury.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of all other similarly situated persons, prays for the following relief:

(i.) Certification of a Class Action pursuant to Fed. R. Civ. P. 23;

(ii.) Designation of Plaintiff as representative of the Class and counsel of record as Class Counsel;

(iii.) Issuance of a declaratory judgment that the practices complained of in this Amended Complaint are unlawful under the NYLL and the supporting N.Y.S DOL Regulations;

(iv.) Damages pursuant to NYLL §§ 191, 198;

(v.) Reasonable attorneys' fees incurred in prosecuting these claims;

(vi.) Costs and expenses incurred in prosecuting these claims;

(vii.) Pre-judgment and post-judgment interest as permitted by law; and

    (vii.)    Such other relief as this Court deems just and proper.

Dated: New York, New York
       May 12, 2023

                                   Respectfully submitted,
                                   LAW OFFICES OF WILLIAM CAFARO

                                   _____
                                   Louis M. Leon, Esq. (LL2057)
                                   *Attorneys for Plaintiffs*
                                   108 West 39th Street, Suite 602
                                   New York, New York 10018
                                   (212) 583-7400
                                   lleon@cafaroesq.com